# In the Iowa Supreme Court

No. 23–0243

Submitted September 12, 2024—Filed February 28, 2025

**Estate of Larry Joe McVay,** by **Thomas McVay,** executor, and **Thomas McVay,** Individually,

Appellees,

vs.

**Grinnell Regional Medical Center, Grinnell Regional Medical Center** d/b/a **Unitypoint Health-Grinnell Regional Medical Center, Central Iowa Health System** d/b/a **Unitypoint Health-Des Moines, Central Iowa Hospital Corporation** d/b/a **Unitypoint Health-Des Moines, Iowa Health System** d/b/a **Unitypoint Health,** and **Stephen Ellestad,**

Appellants.

Appeal from the Iowa District Court for Poweshiek County, Shawn Showers, judge.

The defendants appeal the district court's denial of their motion to dismiss asserting a statute-of-limitations violation. **Affirmed.**

Per curiam. McDonald, J., filed an opinion concurring in the judgment, in which Oxley, J., joined. May, J., filed a dissenting opinion.

John D. Hilmes, Erik P. Bergeland, Jeffrey R. Kappelman, Jacob T. Wassenaar, and Zachary M. Sosnovich (until withdrawal) of Finley Law Firm, P.C., Des Moines, for appellants.

Matthew B. Moore, Oskaloosa, for appellees.

**Per Curiam.**

Thomas McVay, in his personal capacity and as the executor of the estate of his father Larry McVay, sued several hospitals and a doctor to recover damages for alleged medical malpractice that resulted in his father's death. His father died on November 24, 2018. Thomas did not file the lawsuit until February 5, 2021, which is beyond the two-year statute of limitations for claims to recover damages based on a personal injury. *See* Iowa Code § 614.1(2) (2020). Yet in a series of supervisory orders entered in response to the COVID-19 pandemic, our supreme court tolled all statutes of limitations seventy-six days for claims that otherwise would have expired between March 17, 2020, and December 31, 2020. Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* 1 (May 22, 2020).[1] Adding the seventy-six days of tolling in this case would make the deadline February 8, 2021.

The defendant medical providers filed a motion for summary judgment seeking dismissal of the claims. They argued that the lawsuit was time-barred because Thomas failed to file it within two years of the date of the alleged injury, and that the tolling provision in the supreme court's supervisory order was ineffectual because the supreme court lacked constitutional authority to toll the statute of limitations. "Relying on this Order," the medical providers assert, "Plaintiffs filed the Petition in this case 72 days after their statute-of-limitations deadline." Thomas resisted the motion. The district court denied the motion for summary judgment, concluding that the supreme court possessed the power to toll the deadline in its supervisory order and thus that Thomas filed the lawsuit

---

[1] Available at https://www.iowacourts.gov/collections/499/files/1093/embedDocument/ [https://perma.cc/RU9W-WMZX].

within the tolled limitations period. The medical providers sought interlocutory review of the district court's ruling, which we granted.

The medical providers argue that the district court erred in upholding the constitutionality of the tolling provision. They contend that the supreme court's supervisory order brought about a separation-of-powers violation by usurping legislative authority to set limitations periods. *See* Iowa Const. art. III, § 1. They further argue that the COVID-19 pandemic offered no basis for the supreme court to exercise any emergency rulemaking or inherent common law powers, and that that legislature's inaction in tolling the limitations periods during the pandemic showed the legislature's intent to maintain the preestablished deadlines.

The question presented and the arguments made in this case are nearly identical to those we addressed in *Rivas v. Brownell*, ___ N.W.3d ___ (Iowa 2025). In *Rivas*, the district court arrived at the opposite conclusion as the district court here, holding instead that the supreme court lacked the constitutional power to toll the limitations period in the supervisory order. *Id.* at ___. In our *Rivas* opinion, we recounted the unprecedented disruptions that pandemic restrictions created on societal functioning generally and the practice of law specifically. *Id.* at ___. We explained how addressing these types of disruptions by tolling statutes of limitations fell within the judicial power and our explicit authority to exercise "supervisory and administrative control" over the court system. *Id.* at ___ (quoting Iowa Const. art. V, § 4). And we described the long history of courts modifying statutes of limitations in particular cases under longstanding legal doctrines. *Id.* at ___ ("As early as 1875, we recognized equitable estoppel as providing a vehicle to toll a statute of limitations." (quoting *Mormann v. Iowa Workforce Dev.*, 913 N.W.2d 554, 567 (Iowa 2018))).

We concluded that tolling the statute of limitations for a limited period during the COVID-19 public health emergency fell within the constitutional authority vested in the supreme court. *Id.* at ___. In light of the tolling provision's validity, we held that Rivas's lawsuit was timely filed and thus the district court erred in dismissing the case. *Id.* at ___.

The holding in *Rivas* directs the outcome of this appeal. The district court in this case correctly concluded that no statute-of-limitations violation resulted from a constitutional infirmity in the tolling provision. We thus affirm the district court's denial of the motion for summary judgment and remand for further proceedings.

**Affirmed.**

This opinion shall not be published.

McDonald, J., files an opinion concurring in the judgment, in which Oxley, J., joins. May, J., files a dissenting opinion.

#23–0243, *Estate of McVay v. Grinnell Regional Medical Center*

**McDonald, Justice (concurring in the judgment).**

I agree that the outcome of this appeal is dictated by the court's opinion in *Rivas v. Brownell*, ___ N.W.3d ___ (Iowa 2025). For the reasons stated in my *Rivas* concurrence, I concur in the judgment of this case as well.

Oxley, J., joins this concurrence in the judgment.

#23–0243, *Estate of McVay v. Grinnell Regional Medical Center*

**May, Justice (dissenting).**

I appreciate my colleagues' efforts on this case. I agree with the majority that the outcome of this appeal is directed by the court's opinion in *Rivas v. Brownell*, ___ N.W.3d ___ (Iowa 2025). For the reasons stated in my dissent in *Rivas*, I respectfully dissent in this case as well.